UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Daniel Lynn Conley,                                                  Civ. No. 13-1069 (PAM/JJK)

                Petitioner,

v.                                                                               **ORDER**

United States of America,

                Respondent.

---

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Jeffrey J. Keyes dated September 10, 2013. In the R&R, the Magistrate Judge recommended that the Court deny the Petition for a Writ of Habeas Corpus in its entirety and dismiss this action.

According to statute, the Court must conduct a de novo review of any portion of the Magistrate Judge's opinion to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). Based on that de novo review, the Court adopts the R&R.

Petitioner objects to several aspects of the Magistrate Judge's ruling. Petitioner first contends that the Magistrate Judge erred in concluding that his Fourth Amendment claim is barred from review because it was fully and fairly litigated in state court. Petitioner explains that his complaint is that not that the issue was not litigated, but that it was decided by the wrong factfinder. He argues that the jury, not the judge, should have decided whether the warrantless search of his home violated the Fourth Amendment. The Magistrate Judge

correctly concluded that the court, and not a jury, determines the reasonableness of a search and seizure by assessing the facts presented during a pre-trial suppression hearing. Petitioner's objection is without merit.

Petitioner next argues that the Magistrate Judge erred in concluding that he procedurally defaulted on Claims 2, 4, 5, 7, and 8.  A federal claim has not been fairly presented to the state courts, and therefore is procedurally defaulted, "when the state court has declined to decide the federal claim on the merits because the petitioner violated a state procedural law." Hall v. Delo, 41 F.3d 1248, 1250 (8th Cir. 1994).  "When a state habeas petitioner has procedurally defaulted his claims, the petitioner must 'demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.'" Id. (quoting Jones v. Jerrison, 20 F.3d 849, 854 (8th Cir. 1994)).  Petitioner does not deny that Claims 2, 4, 5, 7, and 8 were not fairly presented to the state courts.  Instead, he summarily argues that a miscarriage of justice would result if the Court does not address them here.  Under these circumstances, the Court agrees with the Magistrate Judge that Petitioner is not entitled to relief.

Petitioner also contends that the Magistrate Judge erred in determining that his claim that the trial court violated state law by imposing consecutive sentences lacks merit.  The Court agrees with the Magistrate Judge.  Federal habeas review is limited to allegations of violations of the Constitution or federal law, not errors in state law.  28 U.S.C. § 2254(a).

Finally, Petitioner objects to the Magistrate Judge's conclusion that he did not raise a viable claim regarding the timeliness of his probable cause hearing. Petitioner argues that his hearing was held after the 48-hour deadline. Minn. Rule of Crim. P. 4.03 subd. 1. Even if true,[1] Petitioner has failed to state a viable federal claim related to this alleged rule violation.

Peitioner's objections to the R&R are baseless. The Court therefore adopts the R&R (Docket No. 16) in full.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The Petition for a Writ of Habeas Corpus (Docket No. 1) is **DENIED**;

2. Respondent's Motion to Dismiss (Docket No. 11) is **GRANTED**;

3. Petitioner's Motion (Docket No. 15) is **DENIED**; and

4. This matter is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: October 9, 2013

                                         *s/ Paul A. Magnuson*
                                         Paul A. Magnuson
                                         United States District Court Judge

---

[1] Petitioner does nothing to establish that his probable cause hearing was held more than 48 hours after his arrest. Indeed, the Minnesota Court of Appeals found otherwise. State v. Conley, No. A03-1669, 2004 WL 2283421, at *2 (Minn. Ct. App. Oct. 12, 2004).